IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FRANCISCO D. LOPEZ )<br>601 N.E. 70th Street, #249 )<br>Gladstone, Missouri 64118 )<br> )<br>MARIA G. LOPEZ )<br>601 N.E. 70th Street, #249 )<br>Gladstone, Missouri 64118 )<br> )<br>    Plaintiffs, )<br> )<br>vs. )<br> )<br>ATLAS GENERAL INSURANCE )<br>SERVICES, LLC )<br>c/o WALKER WILCOX MATOUSEK LLP )<br>One North Franklin Street, Suite 3200 )<br>Chicago, Illinois 60606, )<br> )<br> Serve: )<br> Ryan Kirby, Registered Agent )<br> 4365 Executive Drive, Suite 400 )<br> San Diego, California 92121 )<br> )<br>and )<br> )<br>CERTAIN UNDERWRITER(S) AT LLOYD'S )<br>LONDON SUBSCRIBING TO POLICY )<br>CERTIFICATE REFERENCE NUMBER )<br>ATR/D/51275 AS LEAD UNDERWRITER(S) )<br>OF SYNDICATE 609 )<br>c/o Walker Wilcox Matousek LLP )<br>One North Franklin Street, Suite 3200 )<br>Chicago, Illinois 60606-3610 )<br> )<br> Serve: )<br> Individual in Charge of Office )<br> Walker Wilcox Matousek LLP )<br> One North Franklin Street, Suite 3200 )<br> Chicago, Illinois 60606-3610 )<br> )<br>And )<br> )<br>JACK ERICSON d/b/a AFFORDABLE ) | Case No. 4:17:-CV-00936-GAF |
{00305800. 1}

| | |
|---|---|
| INSURANCE SERVICES | ) |
| 7800 Shawnee Mission Parkway, #12 | ) |
| Overland Park, Kansas   66202 | ) |
|  | ) |
| <u>Serve</u>: | ) |
| Jack Ericson | ) |
| 7800 Shawnee Mission Parkway, #12 | ) |
| Overland Park, Kansas   66202 | ) |
|  | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT FOR DAMAGES

COME NOW plaintiffs, Francisco D. Lopez ("Francisco") and Maria G. Lopez ("Maria") (collectively the "Lopezes"), and for their Second Amended Complaint for Damages against defendants, Atlas General Insurance Services, LLC ("Atlas"), Certain Underwriter(s) at Lloyd's, London  Subscribing to Policy Certificate Reference Number ATR/D/51275 As Lead Underwriter(s) of Syndicate 609 ("Certain Underwriter(s) at Lloyd's") and Jack Ericson d/b/a Affordable Insurance Services ("Ericson") state and allege as follows:

## PARTIES, JURISDICTION & VENUE

1.     The Lopezes are married individuals who reside at 601 N.E. 70th Street, #249, Gladstone, Missouri, 64118, who own real property located at 2 NW Englewood Road, Kansas City, Clay County, Missouri, 64118 (the "Subject Property").

2.     Certain Underwriter(s) at Lloyd's participated in an insurance market provided by Underwriters at Lloyd's, London and was/were the Subscriber(s) and/or Lead Underwriter(s) under Syndicate 609 for the policy of insurance, Certificate Reference Number ATR/D/51275 covering the Subject Property that was issued to the Lopezes or about January 14, 2016.

3. Atlas is an insurance company domiciled in the State of California and doing business in the State of Missouri that issued a policy of insurance for the Subject Property to the Lopezes on or about January 14, 2016.

4. Ericson is an individual doing business as Affordable Insurance Services, domiciled in the State of Kansas, who provided insurance broker or agent services to the Lopezes to obtain proper and adequate insurance coverage for the Subject Property commencing in December 2015.

5. This Court has jurisdiction over Atlas, Certain Underwriter(s) at Lloyd's and Ericson in that they were involved with the contracting to insure property or risk located within the State of Missouri at the time of contracting and due to removal of this action based on diversity of citizenship of all parties to the case and the amount at issue exceeding jurisdictional requirements.

6. This Court is the proper venue because the Subject Property for which the insurance contracting related to is located in Clay County, Missouri and because all defendants are nonresidents of Missouri.

### FACTS COMMON TO ALL COUNTS

7. On or about January 3, 2014, the Lopezes purchased the Subject Property.

8. At the time, the Lopezes purchased the Subject Property a residential structure and certain outbuildings existed on the Subject Property.

9. In December 2015, the Lopezes engaged Ericson to obtain insurance coverage for Subject Property.

10. When the Lopezes engaged Ericson to provide insurance coverage they clearly, and on multiple occasions, informed Ericson that they were then in the process of and would continue to renovate Subject Property before occupying it.

11. On or about December 14, 2015, a "Dwelling Fire Application" was completed for the Subject Property and provided to Ericson.

12. At the time the Dwelling Fire Application was completed, Ericson was aware that the Lopezes were not using the Subject Property as a primary residence but, rather, were engaged in the process of rehabilitating and renovating the residential structure on the Subject Property for the purposes of using it as a primary residence.

13. Upon information and belief, Ericson had communications with Atlas and or Certain Underwriter(s) at Lloyd's regarding Atlas' and/or Certain Underwriter(s) at Lloyd's potential agreement to provide a policy of insurance, including coverage for fire, to the Lopezes for the Subject Property.

14. On or about January 14, 2016, Atlas and/or Certain Underwriter(s) at Lloyd's issued a policy of insurance to the Lopezes bearing Certificate Reference No. ATR/D/51275 that provided property insurance and premises liability insurance for the Subject Property, including all existing structures on the Subject Property (the "Insurance Policy").

15. The Lopezes paid premiums for the Insurance Policy.

16. The Insurance Policy provided for insurance coverage for the Subject Property from 12:01 a.m. on January 13, 2016 until 12:01 on January 13, 2017.

17. On or about August 13, 2016, a fire occurred at the Subject Property.

18. The fire that occurred on or about August 13, 2016, resulted in the destruction of the residential structure on the Subject Property.

19. Immediately after the fire, the Lopezes informed Ericson of the fire and the loss they sustained as a result of the fire.

20. The Lopezes have made demand upon Atlas to provide coverage for their claims as a result of the fire at the Subject Property.

21. On or about September 3, 2016, Atlas informed the Lopezes that it was denying their claim for coverage for the losses they sustained to the Subject Property as a result of the fire on August 13, 2016.

22. The Lopezes have made demand upon Certain Underwriter(s) at Lloyd's to provide coverage for their claims as a result of the fire at the Subject Property.

23. On or about July 18, 2017, Certain Underwriter(s) at Lloyd's informed the Lopezes that it was denying their claim for coverage for the losses they sustained to the Subject Property as a result of the fire on August 13, 2016.

## COUNT I
## BREACH OF CONTRACT/VEXATIOUS REFUSAL TO PAY
**(Atlas and Certain Underwriter(s) at Lloyd's)**

COME NOW the Lopezes and for Count I of their First Amended Complaint against Atlas and Certain Underwriter(s) at Lloyd's for Breach of Contract/Vexatious Refusal to Pay state and allege as follows:

24. The Lopezes incorporate, by reference, the allegations contained in paragraph 1 through 23 of their Petition as if fully stated herein.

25. That Lopezes paid consideration in the form of premiums that were received by Atlas and/or Certain Underwriter(s) at Lloyd's in exchange for Atlas and/or Certain

Underwriter(s) at Lloyd's to provide insurance coverage for the Subject Property under the Insurance Policy.

26. The Lopezes suffered a loss covered by the Insurance Policy on or about August 13, 2016.

27. Atlas and/or Certain Underwriter(s) at Lloyd's have failed and refused to pay the Lopezes' claim on the Insurance Policy for the loss at the Subject Property after the Lopezes made demand for payment of their claim.

28. The Lopezes made demand upon Atlas and Certain Underwriter(s) at Lloyd's to make payment under and in accordance with the terms and provisions of the Insurance Policy more than thirty (30) days before the filing of this suit.

29. Atlas' failure to make payment to the Lopezes under and in accordance with the terms and provisions of the Insurance Policy has been vexatious and without reasonable cause.

30. Certain Underwriter(s) at Lloyd's failure to make payment to the Lopezes under and in accordance with the terms and provisions of the Insurance Policy has been vexatious and without reasonable cause.

31. Atlas' failure to make payment to the Lopezes under and in accordance with the terms and provisions of the Insurance Policy constitutes a breach of Atlas' contractual obligations to the Lopezes under the terms of the Insurance Policy.

32. Certain Underwriter(s) at Lloyd's failure to make payment to the Lopezes under and in accordance with the terms and provisions of the Insurance Policy constitutes a breach of Certain Underwriter(s) at Lloyd's contractual obligations to the Lopezes under the terms of the Insurance Policy.

33. The Lopezes have been damaged by Atlas' and/or Certain Underwriter(s) at Lloyd's failure and refusal to make payments to the Lopezes under and in accordance with the terms and provisions of the Insurance Policy in an amount in excess of $300,000.00 in that:

(a) The residential structure destroyed by the fire on the Subject Property had a fair market value in excess of $300,000.00 at the time of the fire that resulted in its destruction;

(b) The Lopezes have incurred and will continue to incur additional expenses involved in the maintenance of the residential structure destroyed by the fire prior to its scheduled or impending demolition that has been ordered by the City of Gladstone, Missouri;

(c) The Lopezes will incur expenses for the demolition of the residential structure destroyed by the fire in an amount in excess of $25,000.00; and

(d) The Lopezes have incurred and will continue to incur attorney's fees in prosecuting their action against Atlas.

34. Due to Atlas' and/or Certain Underwriter(s) at Lloyd's failure and vexatious refusal without reasonable cause failure to make payment to the Lopezes under and in accordance with the terms of the Insurance Policy, the Lopezes are entitled to additional damages of interest on the damages they have suffered, twenty percent (20%) of the first fifteen hundred dollars of their loss, ten percent (10%) of the amount of their loss in excess of fifteen hundred dollars and their reasonable attorney's fees incurred in prosecuting this action pursuant to Sections 375.296, RSMo and 375.420, RSMo.

WHEREFORE, the Lopezes pray for judgment against Atlas and Certain Underwriter(s) at Lloyd's, jointly and severally, for all compensatory and consequential damages suffered by

them in excess of $300,000.00, for their costs, expenses and attorney's fees incurred, for statutory damages pursuant to Sections 375.296, RSMo and 375.420, RSMO and for such other and further relief as the Court deems just and appropriate.

## COUNT II
## VEXATIOUS REFUSAL TO PAY/PUNITIVE DAMAGES
(Atlas & Certain Underwriter(s) at Lloyd's)

COME NOW the Lopezes and for Count II of their First Amended Complaint against Atlas and Certain Underwriter(s) at Lloyd's for Vexatious Refusal to Pay/Punitive Damages state and allege as follows:

35. The Lopezes incorporate, by reference, the allegations contained in paragraph 1 through 34 of their Petition as if fully stated herein.

36. Atlas and/or Certain Underwriter(s) at Lloyd's had a duty to pay the Lopezes' claim resulting from the fire at the Subject Property on or about August 13, 2016.

37. Atlas' and/or Certain Underwriter(s) at Lloyd's failure to pay the Lopezes' claim is the result of fraudulent, willful, wanton conduct or unlawful behavior in that:

(a) Through Atlas' and/or Certain Underwriter(s) at Lloyd's investigations undertaken before its notification to the Lopezes that it was denying coverage, Atlas and/or Certain Underwriter(s) at Lloyd's knew or should have known that the exclusions relied upon by Atlas and/or Certain Underwriter(s) at Lloyd's in refusing to provide coverage were not valid under the circumstances; and

(b) Through Atlas' and/or Certain Underwriter(s) at Lloyd's investigations undertaken before their notifications to the Lopezes that they were denying coverage, Atlas and/or Certain Underwriter(s) at Lloyd's knew or should have known that the

Insurance Policy was not provided to the Lopezes due to concealment or fraud on the part of the Lopezes.

38. Due to Atlas' and/or Certain Underwriter(s) at Lloyd's fraudulent, willful, wanton conduct or unlawful behavior, the Lopezes are entitled to punitive damages in the amount of $1,500,000.00 from Atlas and/or Certain Underwriter(s) at Lloyd's to punish Atlas and/or Certain Underwriter(s) at Lloyd's for their conduct and to discourage other like insurance companies from engaging in any such conduct in the future.

WHEREFORE, the Lopezes pray for judgment against Atlas and Certain Underwriter(s) at Lloyd's, jointly and severally, for punitive damages in the amount of $1,500,000.00, for their costs, expenses and attorney's fees incurred, and for such other and further relief as the Court deems just and appropriate.

## COUNT III
## BREACH OF CONTRACT
### (Ericson)

COME NOW the Lopezes, for Count III of their First Amended Complaint against Ericson for Breach of Contract state, and allege as follows:

39. The Lopezes incorporate, by reference, the allegations contained in paragraph 1 through 38 of their Petition as if fully stated herein.

40. The Lopezes entered into a contract with Ericson pursuant to which Ericson agreed to obtain a policy of insurance to cover the Subject Property for the Lopezes.

41. Ericson breached his contract with the Lopezes to obtain a policy of insurance to cover the Subject Property in that the Lopezes' claim as a result of the fire at the Subject Property on or about August 13, 2016, has not been paid by any insurance carrier.

42. The Lopezes have been damaged by Ericson's breach of his contract with the Lopezes in an amount in excess of $300,000.00 in that:

(a) The residential structure destroyed by the fire on the Subject Property had a fair market value in excess of $300,000.00 at the time of the fire that resulted in its destruction;

(b) The Lopezes have incurred and will continue to incur additional expenses involved in the maintenance of the residential structure destroyed by the fire prior to its scheduled or impending demolition that has been ordered by the City of Gladstone, Missouri;

(c) The Lopezes will incur expenses for the demolition of the residential structure destroyed by the fire in an amount in excess of $25,000.00; and

(d) The Lopezes have incurred and will continue to incur attorney's fees in prosecuting their action against Ericson.

WHEREFORE, the Lopezes pray for judgment against Ericson for all compensatory, consequential damages suffered by them in excess of $300,000.00, for their costs, expenses and attorney's fees incurred and for such other and further relief as the Court deems just and appropriate.

## COUNT IV
## PROFESSIONAL NEGLIGENCE
### (Ericson)

COME NOW the Lopezes, for Count IV of their First Amended Complaint against Ericson for Professional Negligence state, and allege as follows:

43. The Lopezes incorporate, by reference the allegations contained in paragraph 1 through 42 of their Petition as if fully stated herein.

44. Ericson had an insurance broker or agent/customer relationship with the Lopezes.

45. As an insurance broker or agent for the Lopezes, Ericson owed the Lopezes duties of professional care, diligence and skill in providing insurance broker or agent services related to providing insurance coverage to cover any claims made for losses sustained by the Lopezes with regard to the Subject Property.

46. Ericson was negligent in providing the Lopezes with insurance broker or agent services by failing to exercise that degree of care, diligence and skill ordinarily used by insurance brokers or agents rendering similar or identical services in similar or identical circumstances by failing to obtain a policy of insurance covering the loss sustained by the Lopezes at the Subject Property on or about August 13, 2016.

47. The Lopezes have been damaged by Ericson's professional negligence in an amount in excess of $300,000.00 in that:

(a) The residential structure destroyed by the fire on the Subject Property had a fair market value in excess of $300,000.00 at the time of the fire that resulted in its destruction;

(b) The Lopezes have incurred and will continue to incur additional expenses involved in the maintenance of the residential structure destroyed by the fire prior to its scheduled or impending demolition that has been ordered by the City of Gladstone, Missouri;

(c) The Lopezes will incur expenses for the demolition of the residential structure destroyed by the fire in an amount in excess of $25,000.00; and

(d) The Lopezes have incurred and will continue to incur attorney's fees in prosecuting their action against Ericson.

WHEREFORE, the Lopezes pray for judgment against Ericson for all of their fair and reasonable damages suffered as a result of Ericson's professional negligence including compensatory, consequential damages suffered by them in excess of $300,000.00, for their costs, expenses and attorney's fees incurred and for such other and further relief as the Court deems just and appropriate.

## COUNT V
## NEGLIGENT MISREPRESENTATION
**(Ericson)**

COME NOW the Lopezes, for Count V of their First Amended Complaint against Ericson for Negligent Misrepresentation state, and allege as follows:

48. The Lopezes incorporate, by reference, the allegations contained in paragraph 1 through 47 of their Petition as if fully stated herein.

49. In providing insurance services to the Lopezes, Ericson supplied the Lopezes with information regarding obtaining adequate and proper insurance coverage for the Subject Property.

50. Ericson communicated to the Lopezes that he had successfully obtained adequate and proper insurance coverage for the Subject Property to cover them for any claims resulting from any loss suffered by the Lopezes with regard to the Subject Property.

51. Due to Ericson's failure to exercise reasonable care or competence in obtaining or communicating information regarding insurance coverage to the Lopezes, Ericson's communication that he had obtained adequate and proper insurance coverage for the Subject Property was false.

52. Ericson intentionally and specifically provided information regarding insurance coverage on the Subject Property to the Lopezes for their guidance and reliance.

53. The Lopezes justifiably relied upon the information Ericson provided to them that he had obtained adequate and proper insurance coverage for the Subject Property.

54. As a result of the Lopezes reliance upon Ericson's statements, they suffered a pecuniary loss in that their claim for coverage for the fire that destroyed the residential structure on the Subject Property on or about August 13, 2016, has not been paid by any insurance company.

55. The Lopezes have been damaged by Ericson's negligent misrepresentation in an amount in excess of $300,000.00 in that:

(a) The residential structure destroyed by the fire on the Subject Property had a fair market value in excess of $300,000.00 at the time of the fire that resulted in its destruction;

(b) The Lopezes have incurred and will continue to incur additional expenses involved in the maintenance of the residential structure destroyed by the fire prior to its scheduled or impending demolition that has been ordered by the City of Gladstone, Missouri;

(c) The Lopezes will incur expenses for the demolition of the residential structure destroyed by the fire in an amount in excess of $25,000.00; and

(d) The Lopezes have incurred and will continue to incur attorney's fees in prosecuting their action against Ericson.

WHEREFORE, the Lopezes pray for judgment against Ericson for all of their fair and reasonable damages suffered as a result of Ericson's negligent misrepresentation including

compensatory, consequential damages suffered by them in excess of $300,000.00, for their costs, expenses and attorney's fees incurred and for such other and further relief as the Court deems just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,

VAN OSDOL, PC

By:  /s/ Anthony L. Gosserand
Anthony L. Gosserand            MO# 38844
1000 Walnut, Suite 1500
Kansas City, MO 64106
Telephone:    (816) 421-0644
Facsimile:    (816) 421-0758
tgosserand@VanOsdolKC.com

ATTORNEYS FOR PLAINTIFFS
FRANCISCO D. AND MARIA G. LOPEZ

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 29th day of March 2018, a true and correct copy of the foregoing was filed electronically with the United States District of Missouri using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Anthony L. Gosserand
Attorney for Plaintiffs Francisco D. Lopez
and Maria G. Lopez